692 A.2d 116

STATE OF NEW JERSEY, PLAINTIFF–APPELLANT,
v. SUZANNE MONZON, DEFENDANT–
RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted April 15, 1997—Decided April 30, 1997.

Before Judges PRESSLER, STERN and HUMPHREYS.

*John J. O'Reilly,* Warren County Prosecutor, attorney for appellant (*Laura M. Lynch,* Assistant Prosecutor, of counsel and on the letter brief).

*Susan L. Reisner,* Public Defender, attorney for respondent (*Lon Taylor,* Assistant Deputy Public Defender, of counsel and on the letter brief).

The opinion of the court was delivered by

STERN, J.A.D.

In 1990, defendant pled guilty to count two of an indictment charging first degree possession of CDS with intent to distribute, *N.J.S.A.* 2C:35–5a(1),b(1), and to count two of a complaint charging possession of drug paraphernalia, *N.J.S.A.* 2C:36–2. She was sentenced to ten years imprisonment with five years before parole eligibility on the indictable offense and to 180 days in the county jail on the non-indictable. On the indictment, a $3,000 Drug Enforcement and Demand Reduction (DEDR) penalty, a $50 lab fee and a $30 VCCB penalty were also imposed. A $30 VCCB was

also imposed on the non-indictable.[1]  The sentences were made concurrent to a sentence defendant was then serving in New York.

It is undisputed that on February 23, 1993, when defendant was about to be paroled in New York and before completion of the ineligibility term in New Jersey, her sentence was amended to five years probation on the indictable and one year probation on the non-indictable.  The motion was granted pursuant to *R.* 3:21–10(b)(1) which authorizes a change of sentence "to permit entry of the defendant into a custodial or non-custodial treatment or rehabilitation program for drug or alcohol abuse."  The order modifying defendant's sentence provided that the penalties were to be paid at the rate of "$55 per month after defendant becomes employed."  The amended judgment also made "[i]n patient or out patient treatment at Cephas or Equivalent Treatment" a condition of the probation imposed.

On December 8, 1995, Judge John C. Stritehoff, Jr., the sentencing judge, granted defendant's motion to vacate the DEDR penalty, based on the affidavit of the Associate Director of the Cephas–Attica Inc. rehabilitation program.[2]  The State appeals from that order.

There is no dispute that the DEDR penalty is a mandatory penalty which cannot be vacated as a matter of discretion. *N.J.S.A.* 2C:35–15a.  However, *N.J.S.A.* 2C:35–15(e) provides in pertinent part that:

---

[1] A transcript of proceedings at the time of plea and sentencing have not been presented to us.  The judgment, however, reflects no $500 mandatory DEDR penalty imposed on the chapter 36 disorderly persons violation.  *But see N.J.S.A.* 2C:35–15a(5).  Nor was it imposed on the amended judgment in February 1993. While defendant's certification on her motion to "vacate the DEDR" penalties states that a $500 penalty was imposed on the disorderly persons offense, that appears to be an error.  There is apparently no transcript of any proceedings on the *R.* 3:21–10(b)(1) application.

[2] The affidavit was requested by the judge at the oral argument of defendant's motion to "vacate DEDR penalties" on November 17, 1995.  The motion was also based on other grounds which were "rejected" in the December 8, 1995 opinion.

The court may suspend the collection of a penalty imposed pursuant to this section; provided the defendant agrees to enter a residential drug rehabilitation program approved by the court; and further provided that the defendant agrees to pay for all or some portion of the costs associated with the rehabilitation program. In this case, the collection of a penalty imposed pursuant to this section shall be suspended during the defendant's participation in the approved rehabilitation program. Upon successful completion of the [residential drug] program, the defendant may apply to the court to reduce the [DEDR] penalty imposed pursuant to the section by any amount *actually paid by the defendant for his participation in the program.* The court shall not reduce the penalty pursuant to the subsection unless the defendant established to the satisfaction of the court that he has successfully completed the rehabilitation program....

[ (Emphasis added.) ]

The State does not dispute that enrollment in the Cephas–Attica program was consistent with the modification of sentence as ordered by the court under *R.* 3:21–10(b)(1). In fact, the judge's statement of reasons for that order notes defendant's progress in New York and the fact she was accepted into Cephas, a "minimum 90 day" "live-in program" where "she would in all probability remain for 1 year." The State did not appeal from the order and did not challenge its legality. Nor does the State contest application of *N.J.S.A.* 2C:35–15(e) to the New York drug rehabilitation program if defendant "actually paid" for her participation in the program.

In support of her motion to vacate the DEDR penalty, defendant certified, in part:

7. That my DEDR costs at the Cephas inpatient program was in excess of the $3,500.00 DEDR charges imposed by New Jersey. See EXHIBIT B, wherein the director of Cephas states that the cost of my private inpatient treatment was approximately $4,000.00

8. Cephas accepts no funds from Medicaid or other state agencies or federal agencies and no public funds were accessed to pay for my treatment.

9. That I have fully recompensed the Cephas organization for the cost of my inpatient treatment program, and I owe them no outstanding moneys.

10. That I continue to support the Cephas organization with regular financial contributions by fulfilling my monthly pledge payments, and I will continue to support them financially for the rest of my life.

Defendant also certified and presented supporting documentation that she successfully completed the program. According to the affidavit of the Associate Director of the Cephas–Attica pro-

gram "Suzanne Monzon paid for the cost and expenses of her Drug Education and Rehabilitation while she was an in-patient resident in the Cephas–Attica Inc. program." More specifically:

Suzanne Monzon was an inpatient resident in the Cephas–Attica program from April 6, 1993 to July 17, 1993. During a 14 week resident status, Suzanne worked a 40 hour week job on the Cephas construction crew. The work she performed was at a valued wage of $6.50 per hour. This is the standard wage parameter in the Rochester area for this type of labor. She earned $260 per week but only received a cash stipend of $20 each week. $240 each week offset the cost of the services, room and board, and therapy which we provided for her over the 14 weeks of her stay with us. This amounted to $3,360.

The State argues that the trial judge should not have vacated the mandatory DEDR penalty because defendant did not "actually pay" for the program. It contends that "[t]he construction work defendant did as part of her 90 day residential program in Cephas–Attica was done in an effort to build her work skills" and that "[a]lthough defendant gained work experience, she did not 'actually pay' for her rehabilitation costs as contemplated by the legislature when enacting *N.J.S.A.* 2C:35–15(e)." [3]

The State is technically correct in the sense that no prepayment fee was apparently required and the defendant did not pre-pay for her enrollment in the treatment program; rather, the cost of the program was deducted from the amount she earned. Nevertheless, we are satisfied that the judge did not abuse his discretion in vacating the $3,000 DEDR penalties imposed. As its name suggests, the penalty is designed to reduce the demand for drugs by providing a source for helping convicted defendants to reduce their demand for illegal substances. To this end, *N.J.S.A.* 2C:35–15(e) encourages rehabilitation by permitting enrollment in substance abuse programs by use of funds which would otherwise have to be paid as a mandatory penalty.

---

[3] We need not consider whether by law an enrollee in this type of program must be compensated for work performed. *See e.g., Davis v. Balson,* 461 *F.Supp.* 842, 852 (N.D.Ohio 1978) (stating that "[a]ll work performed for which the institution would otherwise have to pay an employee shall be compensated ... [in] the amount a person in the community would receive for performing the task...." where the work program was "counter therapeutic").

The legislative comment to *N.J.S.A.* 2C:35–15(e), accompanying the legislation, which became the Comprehensive Drug Reform Act of 1987, states:

> Subsection e. of this section, finally, establishes the only mechanism for waiving or reducing the statutorily prescribed DEDR penalty. Specifically, a court may suspend the collection of the penalty where the defendant agrees to enter a drug rehabilitation program and where he agrees to assume all or some part of the financial burden of his participation in that program. It is not necessary under this subsection that the defendant bear the entire cost of the program. The specific rehabilitation program, moreover, must be approved by the court, although it need not necessarily be the same program as is contemplated or mandated by the provisions of N.J.S.A. 2C:35–14.
>
> Pursuant to this subsection, the court must still impose the applicable DEDR penalty at the time of sentencing. The execution or collection of that penalty, however, may be suspended during the defendant's continuing participation in the rehabilitation program. Where the defendant's payment to the program exceeds the statutorily prescribed DEDR penalty, the court may discharge the defendant's payment obligation entirely. Where, however, the defendant's participation is for any reason terminated before he has successfully completed the rehabilitation program, he will be required to pay the entire statutorily prescribed DEDR penalty, regardless of any payments which he may have made to enroll or participate in the program.
>
> [Cannel, *New Jersey Criminal Code Annotated,* comment on *N.J.S.A.* 2C:35–15 (1996).]

We agree with Judge Stritehoff that this defendant "actually paid" the costs of the program within the meaning of the statute even though that payment was made by reduction of compensation earned during the course of the program.

Affirmed.